In the Matter of ISAAC DOBROCZYNSKI, an Attorney, Respondent.

First Department, February 6, 1925.

**Attorney and client — disciplinary proceedings — attorney charged with converting money collected for client — attorney had lien for fees and honest dispute arose as to amount — no evidence of conversion — proceedings dismissed.**

Disciplinary proceedings instituted against an attorney on a charge that he converted money that he had collected for a client are dismissed, since it appears that the attorney had a lien on the amount collected for his fees and offered several times to pay the difference which he claimed to be due to the client, but the client refused to accept the same, and that there was an honest dispute between the attorney and client as to the amount of his fees.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

*Samuel Leibovitz,* for the respondent.

CLARKE, P. J.:

The respondent was admitted to practice as an attorney and counselor at law in the State of New York at the May, 1907, term of the Appellate Division, First Department, and has practiced as such since his admission.

The petition alleges that the respondent has been guilty of misconduct as an attorney at law as follows: In March, 1923, one Max Chaikind retained the respondent to bring an action in his behalf against one Louis Blumberg to recover damages for personal injuries. It was agreed between them that the respondent was to receive a fee of fifty per cent of any amount collected for his professional services. In March, 1923, Chaikind authorized the respondent to settle his claim for the sum of $200, and on March 29, 1923, the claim was settled by the payment to the respondent of the sum of $200. The respondent converted the entire amount collected to his own use and falsely represented to his client that he had not received the money from the defendant in the action. After Chaikind had filed a complaint against the respondent with the committee, and on September 18, 1923, the morning of the day fixed for a hearing before the committee, the respondent tendered to the complainant his share of the money collected. The respondent has no claim or lien on the money converted except for his fee for services in making the settlement.

The learned official referee in his report said "It is contended on the part of the respondent that in addition to the fifty per cent to be allowed for his fees he was to retain $12.50 for disbursements. This is, however, denied by Chaikind, who claims that there was no such agreement or arrangement. The respondent on several occasions offered to give to Chaikind $87.50 which he claims was all that Chaikind was entitled to, and which offer was refused. During the months of July and August Chaikind's sons wrote a number of letters to the respondent asking for information as to the status of the case, but the respondent admits he paid no attention to such letters. On the morning of the 18th day of September, 1923, the date set by the committee on grievances of the Association of the Bar of the City of New York for its first hearing upon the complaint herein, the respondent offered to pay the sum of $100, claimed by Chaikind; and on the 21st day of November, 1923, before the proceedings were instituted in court, but after the committee on grievances had heard a part of the testimony, the respondent settled the claim of Chaikind by the payment to him of $100 in cash. The respondent retained this money from March, 1923, until November and I am of the opinion that the charges have been sustained."

The record shows that the respondent was retained to prosecute an action in negligence in behalf of David Chaikind.    The testimony of the respondent is that the agreement was that he should receive $25 for expenses and disbursements and that his client said that that should be taken out of the amount recovered and that after that was taken out the rest should be divided on a fifty-fifty basis.    A settlement was made for $200 and the respondent offered $87.50 a number of times to his client.    The client's sons insisted that the respondent should pay $100 and refused to accept or allow their father to accept $87.50.    So that the dispute is really over $12.50.    The respondent after the matter was brought to the attention of the Bar Association offered $100 which was then refused but was finally accepted in November, 1923.    This court has many times held that the purpose of disciplinary proceedings is not to collect money but for the purpose of regulating the professional conduct of its officers. A careful examination of this record convinces us that there was a real dispute over the terms of the retainer and that the respondent a number of times offered the amount which he claimed was due which was refused.    We have not been able to find any evidence of wrongdoing or intentional conversion of the client's money.

We are of the opinion that we should not approve of the conclusion of the learned official referee and that the proceeding should be dismissed.

DOWLING, FINCH, MCAVOY and MARTIN, JJ., concur.

Proceeding dismissed.    Settle order on notice.